UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

BRITTANY L. HERBERT,

    Plaintiff,

v.

CHARLES MARK KRULY, *District Attorney*,
WILLIAM M. SKRETNY, *Judge*, and
JEREMIAH J. MCCARTHY,
*Magistrate Judge*,

    Defendants.

Civil Action No. TDC-24-1608

## MEMORANDUM ORDER

Self-represented Plaintiff Brittany L. Herbert has filed a Complaint against Defendants District Attorney Charles Mark Kruly, United States District Judge William M. Skretny, and United States Magistrate Judge Jeremiah J. McCarthy pursuant to 42 U.S.C. § 1983. Herbert has also filed a Motion for Leave to Proceed *in Forma Pauperis*, a Motion for a Preliminary Injunction, and a Petition for Joinder of Additional Defendants, which the Court will construe as an Amended Complaint and consider alongside the original Complaint. Upon review of the information Herbert provides as to her finances, the Motion for Leave to Proceed *in Forma Pauperis* will be granted.

Because Herbert is self-represented and proceeding *in forma pauperis*, a district court must screen the complaint and dismiss it if it is "frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2) (2018). Herbert's Complaint will be dismissed, as it "fails to state a claim on which relief may be granted," and "seeks monetary relief against a defendant

who is immune from such relief." *Id.* For this reason, the Motion for a Preliminary Injunction will also be denied as moot.

Herbert's claim against Kruly is barred by prosecutorial immunity. Prosecutors have absolute immunity when performing prosecutorial functions. *See Imbler v. Pachtman*, 424 U.S. 409, 422-23 (1976); *Nero v. Mosby*, 890 F.3d 106, 117 (4th Cir. 2018). The inquiry focuses on whether a prosecutor's actions are closely associated with judicial process. *See Burns v. Reed*, 500 U.S. 478, 479 (1991). Herbert alleges that Kruly violated his rights by "accus[ing her of] attempt and conspiracy to commit mail fraud and bank fraud," which Herbert alleges was "racially motivated and without probable cause." Am. Compl. at 1-2, ECF No. 6. Where Herbert's allegations against Kruly relate to charges filed against Herbert, the Court concludes that his actions are closely associated with the judicial process such that absolute prosecutorial immunity bars Herbert's claim. Herbert's claim against Kruly will be dismissed.

Herbert's claims against Judge Skretny and Magistrate Judge McCarthy ("the Judge Defendants") are barred by judicial immunity. Absolute immunity extends to judges for conduct in their capacities as judges. *See Forrester v. White*, 484 U.S. 219, 226-27 (1988). Judges are not liable in civil actions for damages for their judicial acts, "even when such acts are in excess of their jurisdiction, and are alleged to have been done maliciously or corruptly." *Stump v. Sparkman*, 435 U.S. 349, 355-56 (1978); *see Dean v. Shirer*, 547 F.2d 227, 231 (4th Cir. 1976) (stating that a judge may not be attacked for exercising judicial authority even if done improperly). Herbert alleges that several decisions related to her pretrial supervision by the Judge Defendants violated her rights under the Fourth Amendment to the United States Constitution. Am. Compl. at 2-3, ECF No. 6. As Herbert's claims against the Judge Defendants involve acts clearly committed pursuant to their judicial authority, they must be dismissed.

Finally, Herbert's Complaint and Amended Complaint also fail to state a claim on which relief may be granted. To defeat a motion to dismiss under Rule 12(b)(6), the complaint must allege enough facts to state a plausible claim for relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A claim is plausible when the facts pleaded allow "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Legal conclusions or conclusory statements do not suffice. *Id.* A court must examine the complaint as a whole, consider the factual allegations in the complaint as true, and construe the factual allegations in the light most favorable to the plaintiff. *Albright v. Oliver*, 510 U.S. 266, 268 (1994); *Lambeth v. Bd. of Comm'rs of Davidson Cnty.*, 407 F.3d 266, 268 (4th Cir. 2005). A self-represented party's complaint must be construed liberally. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). However, "liberal construction does not mean overlooking the pleading requirements under the Federal Rules of Civil Procedure." *Bing v. Brivo Sys., LLC*, 959 F.3d 605, 618 (4th Cir. 2020).

Liberally construed, Herbert asserts a claim that her pretrial supervision constitutes unlawful detention and violates her Fourth Amendment rights. However, that claim fails to state a claim on which relief may be granted. Herbert alleges no facts stating a Fourth Amendment violation and acknowledges that a warrant was issued, she was placed on pretrial supervision, and that she is not currently detained. A judicial officer may order the pretrial release of person charged with an offense subject to specific conditions, including restrictions on travel and the possession of firearms and the satisfaction of "any other condition that is reasonably necessary to assure the appearance of the person as required and to assure the safety of any other person and the community." 18 U.S.C. § 3142(c)(1)(B)(xiv) (2018). Here, Herbert's pretrial supervision includes release conditions authorized by § 3142, including restrictions on interstate travel, the

opening of new bank accounts and lines of credit, and the possession of firearms. Therefore, even in the absence of prosecutorial and judicial immunity, the Court would dismiss the claims.

Accordingly, it is hereby ORDERED that:

1. Herbert's Motion for Leave to Proceed *in Forma Pauperis*, ECF No. 2, is GRANTED.

2. Herbert's Complaint and Amended Complaint, ECF Nos. 1, 6, are DISMISSED WITHOUT PREJUDICE.

3. Herbert's Motion for a Preliminary Injunction, ECF No. 5, is DENIED AS MOOT.

4. The Clerk shall mail a copy of this Order to Herbert.

5. The Clerk shall close this case.

Date: June 21, 2024

THEODORE D. CHUANG
United States District Judge